Robert A. Ravitz, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Brent S. Haynie, Legal Intern, for appellee.

Ronald Eugene HANKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-354.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1979.

## OPINION

CORNISH, Presiding Judge:

The appellant, Ronald Eugene Hankins, was convicted of the crime of Burglary in the Second Degree, After Former Conviction of a Felony in the District Court of Oklahoma County, Case No. CRF-77-3329, and received a sentence of ten (10) years.

The sole issue on appeal is whether error was committed when the trial court refused to submit the appellant's requested instruction for the lesser included offense of Damaging or Tampering With a Vehicle, pursuant to 47 O.S.1971, § 4-104.

At approximately 12:30 p. m. on September 8, 1977, the appellant was discovered leaving an automobile. When he was stopped by the car's owner, the appellant explained he was "getting something for a friend." When the owner viewed the car to

**1053**

ensure it was his car and not a neighbor's car which looked similar, the appellant fled. A tape deck was partially removed from its bracket.

This Court has long held that an instruction on a lesser included offense need only be given when there is evidence that tends to prove the lesser included offense was committed. *Rogers v. State*, Okl.Cr., 583 P.2d 1104 (1978). See also *Harris v. State*, Okl.Cr., 291 P.2d 372 (1955). The instruction requested by the appellant hinges on the statement he made at the time he was discovered and confronted by the owner of the automobile. The explanation of the appellant for being in the car lacks credibility. He failed to produce any evidence on his behalf, and the statement, standing alone, was not sufficient to warrant the lesser included offense instruction.

The judgment and sentence is *AFFIRMED.*

BRETT and BUSSEY, JJ., concur.